UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZOHREH AFSHAR KHAMSEH,<br>　　　　　Plaintiff,<br>　　v.<br>CAROLYN COLVIN,<br>　　　　　Defendant. | Case No.  13-cv-03648-JST<br><br>**ORDER OF DISMISSAL** |

　　　　On August 6, 2013, the Court issued its Procedural Order for Social Security Review Actions requiring in part that Plaintiff "serve and file a motion for summary judgment or for remand within 28 days of service of defendant's answer." ECF No. 2. Defendant filed a certificate of service dated December 16, 2013, certifying service of Defendant's Answer via first class mail. At the latest, Plaintiff's motion for summary judgment was due January 16, 2014. No motion was filed.

　　　　This Court then ordered Plaintiff to show cause in writing why this action should not be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b) for failure to comply with a Court Order. Plaintiff's response to the Court's Order to Show Cause was due February 24, 2014. Plaintiff filed a response in the form of a letter on February 25, 2014, the entirety of which reads: "The reason I did not write to your office is because of my health issue. I am not agree[sic] with your decision. I do not want the complaint be dismissed." ECF No. 15. For the reasons discussed below, the Court will afford Plaintiff one more opportunity to file a motion for summary judgment or remand. Should Plaintiff again fail to file a motion for summary judgment or remand, the Court will dismiss this action with prejudice.

**I.　　LEGAL STANDARD**

　　　　"Under Ninth Circuit precedent, when a plaintiff fails to amend his complaint after the

1  district judge dismisses the complaint with leave to amend, the dismissal is typically considered a
2  dismissal for failing to comply with a court order rather than for failing to prosecute the claim."
3  Yourish v. California Amplifier, 191 F.3d 983, 986 (9th Cir. 1999).  "In determining whether to
4  dismiss a claim for failure to prosecute or failure to comply with a court order, the Court must
5  weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the
6  court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the
7  availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on
8  their merits." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002).  Dismissal is appropriate
9  "where at least four factors support dismissal . . . or where at least three factors strongly support
10 dismissal." Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998) (citation and
11 internal quotation marks omitted).

## II.   ANALYSIS

The Court concludes that four of the five factors discussed above strongly support the dismissal of this action.  However, in an abundance of caution, the Court will allow Plaintiff one more opportunity to comply with the Court's Procedural Order for Social Security Review Actions.

The first two factors, namely the public's interest in expeditious resolution of litigation and the court's need to manage its docket, relate to "the efficient administration of judicial business for the benefit of all litigants with cases pending." Nealey v. Transportacion Maritima Mexicana, S. A., 662 F.2d 1275, 1279 (9th Cir. 1980).  Here, by failing to comply with the Court's orders, Plaintiff has completely stalled this action, thereby depriving the Court of the ability to control the pace of its docket.  Accordingly, these factors weigh strongly in favor of dismissal.

Although the third factor, the risk of prejudice to the defendant, may not appear to apply to a case in which defendants have not appeared, the Ninth Circuit has held that "[w]hether prejudice is sufficient to support an order of dismissal is in part judged with reference to the strength of the plaintiff's excuse for the default." Malone v. U.S. Postal Serv., 833 F.2d 128, 131 (9th Cir. 1987).  "[A] presumption of prejudice arises from the plaintiffs' failure to prosecute." Hernandez, 138 at 400.  A plaintiff may rebut this presumption only "with an excuse for his delay that is anything but

2

1  frivolous." Nealey, 662 F.2d at 1281.  Here, Plaintiff's letter explains only that Plaintiff has not
2  filed a motion for summary judgment or remand in compliance with the Court's Order because of
3  an unspecified "health issue."  Plaintiff does not explain when Plaintiff intends to file a motion.
4  That explanation is insufficient.  Accordingly, this factor also weighs strongly in favor of
5  dismissal.

6  The fourth factor concerns the public policy favoring disposition of cases on their merits,
7  which normally "strongly counsels against dismissal."  In re Phenylpropanolamine (PPA) Prods.
8  Liab. Litig., 460 F.3d 1217, 1228 (9th Cir. 2006).  Nevertheless, the Ninth Circuit has recognized
9  that "a case that is stalled or unreasonably delayed by a party's failure to comply with deadlines . .
10 . cannot move forward toward resolution on the merits." Id. at 1228.  For this reason, "this factor
11 lends little support to a party whose responsibility it is to move a case toward disposition on the
12 merits but whose conduct impedes progress in that direction." Id. (citations and internal quotation
13 marks omitted).  Here, Plaintiff's failure to comply with the Court's orders has impeded all
14 progress in this case.  Thus, this factor is neutral at best.

15 Finally, the fifth factor pertains to the availability of less drastic sanctions.  Here, the Court
16 gave Plaintiff two opportunities to comply with the Court's orders and an opportunity to explain
17 the lack of diligence in prosecuting this action.  The Court has fulfilled its "obligation to warn the
18 plaintiff that dismissal is imminent." Oliva v. Sullivan, 958 F.2d 272, 274 (9th Cir. 1992).  Rather
19 than dismiss the complaint with prejudice after Plaintiff failed to file a motion for summary
20 judgment, the Court attempted the lesser sanction of issuing an Order to Show Cause and
21 providing yet another opportunity to comply. Cf. Yourish, 191 F.3d at 992.  These opportunities
22 and warnings are sufficient to establish that the Court has considered sanctions short of dismissal.
23 In re PPA Prods. Liab. Litig., 460 F.3d at 1229 ("Warning that failure to obey a court order will
24 result in dismissal can itself meet the 'consideration of alternatives' requirement.") (citation
25 omitted); see also Nevijel v. N. Coast Life Ins. Co., 651 F.2d 671, 674 (9th Cir. 1981) ("Though
26 there are a wide variety of sanctions short of dismissal available, the district court need not
27 exhaust them all before finally dismissing a case").

28 Though the Court has adequately "provide[d] the litigant with notice of the deficiencies" in

3

the prosecution of this action, and provided an opportunity for compliance, Ferdik v. Bonzelet, 963 F.2d 1258, 1261 (9th Cir. 1992), the Court will afford Plaintiff one more opportunity to file a motion for summary judgment or remand.  Failure to file a motion will result in dismissal with prejudice.

### III.     CONCLUSION

Plaintiff is ORDERED to file either a motion for summary judgment or remand by no later than fourteen days from the date of this Order, in compliance with the Court's Procedural Order for Social Security Review Actions.  Failure to do so will result in an automatic dismissal of the case with prejudice and closure of the case file.

**IT IS SO ORDERED.**

Dated: March 9, 2014

_____
JON S. TIGAR
United States District Judge